IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

| | |
|---|---|
| LEO DAISLEY, | D.C. Civ. App. No. 2005-0140 |
| Appellant, | Super. Ct. Civ. No. D 244/2003 |
| v. | |
| ADINA F. DAISLEY, | |
| Appellee. | |

On Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: Honorable Patricia D. Steele

Considered: April 16, 2010
Filed: February 29, 2012

BEFORE: **CURTIS V. GOMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Senior Sitting Judge, District Court of the Virgin Island; and **MICHAEL C. DUNSTON**, Judge of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sitting by designation.

Attorneys:

**Eszart Wynter, Esq.**
St. Croix, U.S.V.I.
    For the Appellant,

**Douglas A. Brady, Esq.**
St. Croix, U.S.V.I.
    For the Appellee.

Per Curiam.

# MEMORANDUM OPINION

This matter calls upon the Court to determine whether the Superior Court erred when denying the appellant's motion to set aside default judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Leo Daisley ("Appellant") and Adina Daisley ("Appellee") were married on September 23, 1972. Thirty-one years later the marriage failed. As a result, the Appellee filed an action for divorce. On October 28, 2003, the Appellant was personally served by process server Hector Maldonado, who by affidavit affirmed that the Appellant was served with a summons and a copy of the Appellee's civil complaint for divorce. (App. 5-7.)

After the Appellant failed to respond or otherwise appear to answer the complaint, the trial court clerk entered default against him on December 19, 2003. (App. 11.) On January 23, 2004, the trial judge entered: judgment on the default; a divorce decree; and findings of fact and conclusions of law supporting her decision. (App. 14-20.) The January 23, 2004 divorce decree awarded the Appellee 100% of the marital abode, past due and future mortgage payments on the marital abode at the Appellant's expense, a 50% share in the Appellant's retirement and pension plans, reinstatement of health insurance

benefits at the Appellant's expense and attorney's fees. (*Id.* at 16-17.)

On February 3, 2005[1], the Appellant moved to set aside the divorce decree and the default judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). (App. 29-41.) The Appellant argued, via his motion to set aside, that he had "no recollection" of being served with the summons and complaint and that he only became aware of the divorce judgment on December 2, 2004, after his employer informed him of a change in his retirement benefits pursuant to the divorce decree. (App. 32.) The Appellant also averred that he was,

> unable to provide any facts that could conclusively challenge or dispute information recorded in the return of service. This raises three possibilities. Either the defendant was not served, or if he was served he does not recall, or defendant did not sufficiently scrutinize the documents with which he was served to determine their nature and content.

(App. at 34.) The Appellant further conceded that, "the record reflects that [he] was personally served and [he] has no way of refuting it." (*Id.*)

On April 25, 2005, the court denied the Appellant's motion to set aside. (App. 82.) The trial judge reasoned that the

---

[1] The Appellant's motion is dated January 23, 2005. However, the Superior Court's date stamp records February 3, 2005 as the filing date.

Appellant's request under Fed. R. Civ. P. 60(b)(1) was time barred because it was filed over one year after the divorce decree was issued, and that his motion was substantively insufficient as to Fed. R. Civ. P. 60(b)(6).[2] (App. 78-82.)

The Appellant did not make the mortgage payments on the subject property as ordered by the court and on June 29, 2005, the Appellee moved for entry of a money judgment seeking reimbursement for the outstanding mortgage payments. (App. 89.) On July 25, 2005, the court issued a monetary judgment, in the Appellee's favor, for $14,046.79, representing the total aggregate sum that the Appellant had failed to pay in outstanding mortgage and arrears at the time the order was entered. (App. 102.) On August 3, 2005, the Appellant filed his notice of appeal challenging the trial court's July 25, 2005, monetary judgment.

## II. ISSUES PRESENTED

On appeal, the Appellant raises one cognizable issue[3], whether the trial court erred in entering default judgment.

---

[2] No immediate appeal followed the trial court's April 25, 2005 order. (Supp. App. 6.)

[3] The Appellant also raises several issues challenging the merits of the underlying divorce decree, including: whether the trial court erred in distributing the marital assets without consideration of the equities; whether the distribution of the property at issue improperly invalidated a prior conveyance to

Leo Daisley, v. Adina Daisley
D.C. Civ. App. No.: 2005-140
Memorandum Opinion
Page 5

## II. JURISDICTION

At the time the notice of appeal was filed, this court maintained appellate jurisdiction over civil appeals arising from the Superior Court's final judgments and orders.[4] *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1)(Omnibus Justice Act of 2005); *Gabriel Joseph v. People of the V.I.*, 2008 U.S. Dist. LEXIS 107654, at *17

---

a third party; and whether the lower court failed to fairly calculate the parties' interest in the property. However, the appeal of a denial of a Rule 60(b) motion for relief from judgment brings up for review only whether the trial court abused its discretion in denying the motion itself; it does not bring up for review the merits of the underlying order or judgment. *Torres v. Chater*, 125 F.3d 166, 167 (3d Cir. 1997) (and an appeal from denial of Rule 60(b) relief generally does not bring up the underlying judgment for review). The Appellant has raised no exceptions to this governing rule. As such, in this litigation, we do not reach the Appellant's issues concerning the merits of the underlying divorce decree. *See also Sprauve v. CBI Acquisitions*, LLC, 2010 U.S. Dist. LEXIS 92604 (D.V.I. 2010)(default judgment is grounds for claim preclusion).

[4] The Appellee argues that the final order in this matter was the court's April 25, 2005, order and as such, the Appellant's August 3, 2005, notice of appeal was filed out of time. *See* V.I. Rule of Appellate Procedure 5(a)(1)(civil notices of appeal must be filed thirty days after entry of judgment). However, on July 25, 2005, upon the Appellee's motion, the trial court issued a final, discretionary monetary judgment enforcing its prior divorce decree ruling. (App. 102.) While it is true that the trial court's August 3, 2005, monetary judgment was discretionary and directly related to its April 25, 2005, order denying the Appellant's 60(b) motion; the July 25, 2005, monetary judgment was, nonetheless, the final order issued by the trial court. The Appellant's August 3, 2005 notice of appeal was, therefore, timely.

(D.V.I. App. Div. Dec. 9, 2008)(this court maintains jurisdiction over all pending civil appeals filed prior to January 29, 2007).

### III. STANDARD OF REVIEW[5]

---

[5] The Appellant's brief predominantly argues due process violations that were not specifically argued below. In turn, while his notice of appeal is premised on the trial court's monetary judgment, his brief fails to explicitly challenge either the final or non-final orders he is appealing from.

In such circumstances, courts of appeal assert jurisdiction over non-specified underlying orders where there is a connection between the specified and unspecified order, the intention to appeal is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues. *Beachside Assocs., LLC v. Fishman*, 2010 V.I. Supreme LEXIS 33 (2010); *see also Finizie v. Shineski*, 2009 U.S. App. LEXIS 23007, *at 9 (3d Cir. Oct. 19, 2009)(citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 858 (3d Cir. 1990)(our jurisdiction liberally construes notices of appeal to draw into question both final orders and "all prior non-final orders and rulings.")). Finally "[liberal] treatment is particularly appropriate where [as here] the order appealed is discretionary and relates back to the judgment sought to be reviewed." *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998).

Here, the trial court's final entry of monetary judgment is directly connected to its denial of the Appellant's motion to set aside default judgment. The Appellant's brief specifically articulates his intention to appeal the trial court's default judgment where it, argues, in part, that the trial court erred in issuing "a divorce decree entered in default." (Appellant's Brief at 1.) Finally, it is obvious that the opposing party had an opportunity to brief the merits of the issues relating to the underlying order. We, accordingly, review both the trial court's final July 25, 2005 order and its related April 25, 2005, order denying the Appellant's motion to set aside default judgment. *See, e.g., Matute v. Procoast Navigation, Ltd.*, 928 F.2d 627, 630 (3d Cir. 1991)(Appellant's failure to specify non-final order in notice of appeal deemed harmless error).

We exercise plenary review over questions of law, including the Superior Court's interpretation of statutes and rules. *See Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984); *Mapes Monde, Ltd. v. A.H. Riise Gift Shop, Inc.*, 337 F. Supp. 2d 704, 707 (D.V.I. App. Div. 2004). Findings of fact made by the Superior Court are not to be disturbed unless they are clearly erroneous. *Lenhart v. Richards*, 17 V.I. 619 (3d Cir. 1980); *T-Shirt World, Inc. v. Artland, Inc.*, 20 V.I. 147 (D.V.I. 1983).

Generally, the appeal of a denial of a Rule 60(b) motion for relief from judgment brings up for review only whether the trial court abused its discretion[6] in denying the motion itself; it does not bring up for review the merits of the underlying order or judgment. *See Torres v. Chater*, 125 F.3d 166, 167 (3d Cir. 1997); *see, e.g., Browder v. Director, Dept. Of Corrections of Ill.*, 434 U.S. 257, 263 n.7 (1978) (holding that the standard of review is abuse of discretion and an appeal

---

[6] An abuse of discretion occurs where there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Feddersen v. Feddersen*, 68 F. Supp. 2d 585, 594 (D.V.I. App. Div. 1999) (quoting *V.I. Water & Power Authority v. V.I. Telephone Corp.*, 1981 U.S. Dist. LEXIS 9330 (D.V.I. App. Div. April 29, 1981).

from denial of Rule 60(b) relief generally does not bring up the underlying judgment for review), *superseded by statute*, 28 U.S.C. § 2254, *as recognized in Hanson v. Chapdelaine*, 2011 U.S. Dist. LEXIS 38102 (D. Conn. Apr. 7, 2011); *see also Hines v. Seaboard Air Line R.R. Co.*, 341 F.2d 229 (2d Cir. 1965)("an order denying relief under Rule 60(b) is an appealable order, but the appeal brings up only the correctness of the order itself"); *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53, 56 (2d Cir. N.Y. 1976)(an appeal of a 60(b) ruling does not permit the appellant to attack the underlying judgment for error.).

## IV. ANALYSIS

The Appellant's motion to set aside default judgment was premised on Federal Rule of Civil Procedure 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect [or] . . . (6) any other reason justifying relief from the operation of the judgment."[7] Fed. R. Civ. P. 60(b)(1), (6);

---

[7] Federal Rule of Civil Procedure 60 provides in pertinent part that,

*Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. 1992). When considering a motion to vacate default judgment under Rule 60(b), trial courts must weigh whether vacating default would, "visit prejudice on the plaintiffs, whether the defendant has a prima facie meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987);

---

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.
   (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60.

*Miles v. Aramark Corr. Serv., Inc.*, 321 Fed. Appx. 188, 191 (3d Cir. 2009); *Zawadski*, 822 F.2d, 416, 419-20 (3d Cir. 1987).

### A. Federal Rule of Civil Procedure 60(b)(1)

The Appellant moved to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6). (App. 32-41, 78.)[8] A motion filed pursuant to Fed. R. Civ. P. 60(b)(6) may be made within a "reasonable time." *See* Fed. R. Civ. P. 60(c). However, a motion filed under Rule 60(b) (1), (2), and (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." *Id.* (emphasis added) (Rule 60(b)(1) motions that assert mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, void judgment or satisfied, released or discharged judgment must be filed within one year from the date of judgment).

The trial court issued the divorce decree on January 23, 2004. The Appellant's 60(b) motion to set aside the divorce decree was filed on February 3, 2005.[9] (App. 29-41.) Therein, the Appellant justified his delay by averring that he did not

---

[8] The trial court substantively evaluated the Appellant's 60(b)(1) argument, prior to concluding that it was time-barred. (App. 78-82.)

[9] The Appellant's motion to set aside was self-dated, January 23, 2005, with the certificate of service of said motion dated January 24, 2005. (App. 29, 31.) However, the Superior Court date stamp indicates that the Appellant's memorandum on the motion to set aside was filed on February 3, 2005. (App. 32.)

recall being served and that he failed to sufficiently scrutinize the documents he was served with. (App. 34.) The Appellant further conceded that he had no defense to the clear indication on the record that he had, indeed, been personally served. (*Id.*) The Appellant further claims that he lacked the sophistication to understand the documents he was served with. However, neither ignorance, nor lack of sophistication nor failure to scrutinize documents are sufficient to overcome Rule 60(b)(1)'s one year time-bar or otherwise serve as a viable basis for substantive relief. *See, e.g., Miranda Hermanos Co. v. Asad*, 13 V.I. 271, 277 (V.I. Terr. Ct. 1977) (ignorance or carelessness on the part of the litigant or his attorney does not afford a basis for relief under Rule 60(b)(1); *Berry v. St. Thomas Gas Co.*, 36 V.I. 64, 73 (V.I. Terr. Ct. 1997)(same).

    The record is clear. The Appellant's motion as it pertained to inadvertence and excusable neglect was filed out of time. We accordingly, affirm the Superior Court's decision that the Appellant's 60(b)(1) arguments were time-barred. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)(Fed. R. Civ. P. 60(b)(1) motion filed over one year after judgment is time-barred).

    **B. Federal Rule of Civil Procedure 60(b)(6)**

The Appellant's motion to set aside also invoked Fed. R. Civ. P. 60(b)(6), which empowers the court to relieve a party from judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6); *see also Judi's of St. Croix Car Rental v. Weston*, 2008 V.I. Supreme LEXIS 12 (2008); *Skinner*, 27 V.I. at 196. Unlike Rule 60(b)(1), Rule 60(b)(6) is not constrained by time and permits a judgment to be vacated "for any other reason justifying relief." *A.P. v. Virgin Islands ex rel. C.C.*, 961 F. Supp. 122, 124 (D.V.I. 1997).

"Relief under 60(b)(6)'s catch-all 'any other reason that justifies relief' clause is granted <u>only</u> under <u>extraordinary circumstances</u> where, without such relief, an extreme and unexpected hardship would occur." *Judi's of St. Croix Car Rental*, 2008 V.I. Supreme LEXIS 12, at *20 (emphasis added)(citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993)). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *A.P. v. Virgin Islands ex rel. C.C.*, 961 F. Supp. 122, 125 (D.V.I. 1997)(quoting *FDIC v. Alker*, 234 F.2d 113, 116 (3d Cir. 1956)).

Here, the Appellant averred that his failure to respond to the complaint was "inadvertent." (App. 74.) He also argued that

he had "no recollection" of being served with the summons and complaint and "based on that, contends that he was not served." (App. 32-33.) The Appellant also offered several alternate "possibilities" to explain his failure to file a timely response including "[e]ither [he] was not served, or if he was served he does not recall, or [he] did not sufficiently scrutinize the documents with which he was served to determine their nature and content." (App. 34.) Finally, the Appellant conceded that "the record reflects that [he was] served and [he] has no way of refuting it." (App. 34.)

In turn, the trial court's April 25, 2005, order examined the Appellant's proffered reasons for failing to file a timely response to the complaint.[10] After evaluating the proffered explanations in the Appellant's motion, the court found that: the Appellant's conclusory assertion of a meritorious defense was unsupported by a *prima facie* showing; the Appellant was at fault for failing to answer; and lifting the default would visit prejudice upon the Appellee who had already experienced economic hardship by the Appellant's failure to pay mortgage

---

[10] Those factors include, (1) whether lifting the judgment prejudiced the Appellee; (2) whether the Appellant asserted a prima facie meritorious defense; (3) whether the Appellant's defaulting conduct was excusable or culpable. . . *Miles*, 321 Fed. Appx. at 191.

payments on the property at issue, pursuant to the divorce decree. (App. 80.) In sum, because this Appellant's 60(b)(6) motion failed to raise any extraordinary circumstances justifying relief, we cannot conclude that the trial court abused its discretion when it denied his motion to set aside default judgment.

## V.  CONCLUSION

The Appellant having raised no other cognizable claims of error, for the reasons cited above, we affirm the trial court's judgment.[11]

---

[11] The Appellant's brief is predominantly supported by prose concerning the impact of default judgment on his Fourteenth Amendment, constitutional right to due process. However, the Constitution requires "an opportunity . . . granted at a meaningful time and in a meaningful manner" to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Hence, it is well-established that a state or territory can, "enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance" without offending the defendant's due process rights. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971).